1  CHARLES S. PAINTER (SBN 89045)
   REBECCA L. MENENDEZ (SBN 262487)
2  **ERICKSEN ARBUTHNOT**
   100 Howe Avenue, Suite 110 South
3  Sacramento, CA  95825-8201
   (916) 483-5181 Telephone
4  (916) 483-7558 Facsimile

5  Attorneys for Defendant
   ESA MANAGEMENT, LLC

6

7                 **UNITED STATES DISTRICT COURT**

8                 **EASTERN DISTRICT - SACRAMENTO**

9  ROBIN TILLMAN, an individual,        )  Case No.:  2:20-cv-00647-KJM-KJN
                                        )
10            Plaintiff,                )  **STIPULATION FOR PROTECTIVE**
                                        )  **ORDER; AND PROTECTIVE ORDER**
11      vs.                             )
                                        )
12 ESA MANAGEMENT, LLC; TINA DOE, an    )  Assigned to Judge: Kimberly J. Mueller
   individual; and DOES 1-25, inclusive,)  Courtroom 3
13                                      )
                                        )
14            Defendants.               )
   _____

15

16      By and through their attorneys of record, Plaintiff, ROBIN TILLMAN and Defendant,

17 ESA MANAGEMENT, LLC, hereby stipulates to and petitions the Court to enter the following

18 Stipulated Protective Order:

19      1.     **DEFINITIONS**

20      1.1    Party/Parties:  any party or parties to this action, including all of its or their

21 officers, directors, employees, outside consultants (as defined in paragraph 1.8, *infra*), retained

22 experts, and outside counsel (and their support staff).

23      1.2    Disclosure or Discovery Material:  all items or information, regardless of how

24 generated, stored, or maintained (including, among other things, testimony, transcripts, or

25 tangible things) that are produced, generated, served or otherwise provided in disclosures or

26 responses to discovery in this matter.

27      1.3    "Confidential" Information or Items:  information (regardless of how generated,

28 stored or maintained) or tangible things that (i) constitute a trade secret or confidential or private

or proprietary matters, including but not limited to financial, research, development, testing, design or commercial information, or that might be of competitive value to any entity other than the Designating Party; or (ii) were received in confidence from third parties.

1.4     Receiving Party/Parties:  a Party or Parties that receive Disclosure or Discovery Material from a Producing Party/Parties.

1.5     Producing Party/Parties:   a Party or Parties, or non-party or non-parties that produce Disclosure or Discovery Material in this action.

1.6     Designating Party/Parties:  a Party or Parties, or non-party or non-parties that designate information or items that it produces as "Confidential."

1.7     Protected Material:  any Disclosure or Discovery Material that is designated by the Producing Party/Parties as "Confidential."

1.8     Outside Consultant:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party/Parties or its/their counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party/Parties or of a competitor of a Party/Parties and who, at the time of retention, is not anticipated to become an employee of a Party/Parties or a competitor of a Party/Parties.

1.9     Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors. This definition includes ESI vendors, professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such consultants to assist them in their work.

## 2.     **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party/Parties agree(s) otherwise in writing or a court order otherwise directs.

///

///

///

### 3.   DESIGNATING PROTECTED MATERIAL

Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)      for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party/Parties affix or stamp the legend "CONFIDENTIAL" the document.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party/Parties must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party/Parties or non-party/parties that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party/Parties has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the Inspecting Party/Parties has identified the documents it wants copied and produced, the Producing Party/Parties must determine which documents, or portions thereof, qualify for protection under this Order.  Before producing the specified documents, the Producing Party/Parties must affix the "CONFIDENTIAL" legend, as described above.

(b)      for testimony given in deposition or in other pretrial or trial proceedings, that the Party/Parties or non-party/parties offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party/Parties or non-party/parties that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered

by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix on each such page the legend "CONFIDENTIAL," as instructed by the Party/Parties or non-party/parties offering or sponsoring the witness or presenting the testimony.

(c)     for information produced in some form other than documentary, and for any other tangible items, that the Producing Party/Parties affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."   If only portions of the information or item warrant protection, the Producing Party/Parties, to the extent practicable, shall identify the protected portions.

**4.     ACCESS TO PROTECTED MATERIAL**

Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party/Parties, a Receiving Party/Parties may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's/Parties' counsel of record in this action, as well as employees and agents of said counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The Receiving Party/Parties, and the officers, directors, and/or employees of the Receiving Party/Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

(c)     Outside Consultants (as defined in this Order) of the Receiving Party/Parties to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment And Agreement To Be Bound By Protective Order which is attached hereto as Exhibit A;

(d)     Witnesses at deposition and/or trial, provided that such witnesses may not retain copies of Protected Material unless permitted by other provisions of this Order and provided that such witnesses have signed the "Acknowledgment And Agreement To Be Bound By Protective Order" which is attached hereto as Exhibit A;

(e)     The Court and its personnel;

(f)     Court reporters and videographers employed in connection with this action;

(g)     Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, provided that a representative of which has signed the "Acknowledgment And Agreement To Be Bound By Protective Order" which is attached hereto as Exhibit A;

(h)     Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" which is attached hereto as Exhibit A;

(i)     Other persons only upon consent of the Producing Party/Parties or upon order of the Court and provided that such persons have signed the "Acknowledgement And Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

### 5.     <u>USE OF PROTECTED MATERIAL</u>

**5.1**     Use Of Protected Material By Receiving Party/Parties. Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Protected Material, and all information derived therefrom, shall be used by the Receiving Party/Parties only for purposes of this litigation, and shall not be used in any other way, or for any other purpose.  Information contained or reflected in Protected Materials, including but not limited to the title, heading or contents of Protected Materials, shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Protected Material, except in accordance with the terms of this Order.

**5.2**     Use of Protected Material By Designating Party/Parties. Nothing in this Order shall limit any Designating Party's/Parties' use of its own documents and information, nor shall it prevent the Designating Party/Parties from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

///

**5.3**     Use of Protected Material at Depositions and Trials. Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Protected Material of which such person has prior knowledge and/or to the extent the questions posed by the deposing attorney are reasonably calculated to lead to the discovery of admissible evidence.

**5.4**     Any person other than the witness, his or her attorney(s) and any person qualified to receive Protected Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party/Parties consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the Acknowledgement and Agreement To Be Bound By Protective Order prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Protected Material.

This section shall not prohibit the Party/Parties from attending trial even where they shall be admitted, or witnesses testifying regarding, Protected Material, nor shall it bar a Party/Parties from any examination regarding Protected Material.  During the trial of this case, if any Party/Parties seeks to introduce into evidence documents which are subject to this Order, the Producing Party/Parties shall make the appropriate request of the Court to protect against the dissemination of such Protected Material.

**6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS**

**6.1**     Timing of Challenges.   Unless a prompt challenge to a Designating Party's/Parties' confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party/Parties does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

///

**6.2** Meet and Confer. A Party/Parties that elects to initiate a challenge to a confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party/Parties. If a party contends that certain Protected Material is not entitled to confidential treatment after meeting and conferring such party must give written notice to the party who designated the material as Protected Material, citing the Bates numbers of the pages if possible, and/or specific identification numbers or marks of a thing designated as Protected Material. In conferring, the Challenging Party/Parties must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party/Parties at least fourteen (14) court days to review the Protected Material, to reconsider the circumstances, and, if no change in designation is offered, the Designating Party/Parties must explain the basis for the chosen designation. A Challenging Party/Parties may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or if the Designating Party/Parties does not respond to the challenge within fourteen (14) court days, or such other time as agreed by the Parties.

**6.3** Judicial Intervention. Within a reasonable time after receiving such written notice, but not to exceed ten (10) days, the party seeking confidential treatment may apply to the Court by noticed motion for a ruling that the document or transcript shall be treated as Confidential pursuant to the terms of this Order. Pending the outcome of the application, the document or testimony shall be afforded the confidential treatment described in Paragraph 4. The motion must be accompanied by a competent declaration that affirms movant complied with the meet and confer requirements in Section 6.2 above. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

**7. <u>INADVERTENT FAILURES TO DESIGNATE</u>**

If corrected within a reasonably timely manner upon discovery, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's/Parties' right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially

produced, the Receiving Party/Parties, on reasonably timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**8.**     **NO WAIVER OF PRIVILEGE**

**8.1**     Inspection or production of documents (including physical objects) shall not constitute a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity, if, after the Producing Party/Parties becomes aware of any such disclosure, the Producing Party/Parties designates any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and requests in writing return of such documents to the Producing Party/Parties. Upon request by the Producing Party/Parties, the Receiving Party/Parties shall immediately retrieve and return all copies of such document(s).  No use shall be made of such documents during deposition or at trial.  Furthermore, a party who receives information or documents that appear to be privileged and not intentionally produced shall promptly notify the Producing Party/Parties of such information and documents and shall immediately return such information and documents to the Producing Party/Parties.

**8.2**     Nothing herein shall prevent the Receiving Party/Parties from challenging the propriety of the attorney-client privilege, work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court; provided, however, that such challenge shall not assert as a ground for challenge the fact of the initial production or inspection of the documents later designated as attorney-client privileged, work product, or subject to another applicable privilege or immunity.

**9.**     **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party/Parties learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party/Parties of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 10.  FILING PROTECTED MATERIAL

Without written permission from the Designating Party/Parties or a court order secured after appropriate notice to all interested persons, a Party/Parties may not file in the public record in this action any Protected Material.  A Party/Parties that seeks to file under seal any Protected Material must comply with California Rules of Court 2.550 and 2.551.  To the extent reasonably practicable, the Parties agree to meet and confer for purposes of attempting to agree upon a redacted version of Protected Material that may be filed publicly in advance of any court filing or submission.

### 11.  FINAL DISPOSITION

After the final termination of this action, including all appeals, at the request of any Producing Party/Parties, each Receiving Party/Parties shall either return all Protected Material to the Producing Party/Parties or destroy all Protected Material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, within sixty days of the Producing Party's/Parties' request, the Receiving Party/Parties must submit a written certification to the Producing Party/Parties (and, if not the same person or entity, to the Designating Party/Parties) that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party/Parties has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order.

///

///

## 12. **MISCELLANEOUS**

**12.1** Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**12.2** Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party/Parties waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party/Parties waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

**12.3** The Eastern District Court of California is responsible for the interpretation and enforcement of this Protective Order.  All disputes concerning Protected Material produced under the protection of this Protective Order shall be resolved by this Court.  Every individual who receives any Protected Material agrees to subject himself or herself to the jurisdiction of this Court for the purpose of any proceedings related to performance under, compliance with, or violation of this Order.

**IT IS SO STIPULATED:**

DATED:  August 18, 2020

DOWNTOWN L.A. LAW GROUP

By  /s/Anthony Werbin (as authorized on 8/17/20)
ANTHONY WERBIN
Attorneys for Plaintiff, ROBIN TILLMAN

DATED:  August 18, 2020

ERICKSEN ARBUTHNOT

By  _____
CHARLES S. PAINTER
REBECCA L. MENENDEZ
Attorneys for Defendant
ESA MANAGEMENT, LLC

///

**ORDER**

The court has reviewed the parties' stipulated protective order, which comports with the relevant authorities and the court's applicable local rule.  See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) ("Generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary.") Therefore, the court GRANTS the request subject to the following clarification.

This court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f).  Courts in the district generally do not agree to retain jurisdiction after closure of the case.  See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017).  Based on this rationale, the court will not retain jurisdiction over this protective order once the action is closed.


Dated:  August 20, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

till.647

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:

    (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);

    (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and

    (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.

Local Rule 141.1(c).