UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robin Tillman, | No. 2:20-cv-00647-KJM-KJN |
| Plaintiff, | ORDER |
| v. | |
| ESA Management, LLC, Inc., et al., | |
| Defendants. | |

A light fixture broke and fell on Robin Tillman's head when she was staying at a hotel in Sacramento. Compl., Not. Removal Ex. A ¶ 8., ECF No. 1. She filed this lawsuit against the company that operates the hotel and the hotel manager, who she thought was named "Tina," and several other unknown defendants. *See id.* ¶¶ 3–5[1]; Werbin Decl. ¶ 5, ECF No. 13-2. She asserted two legal claims, both under California common law, the first alleging the hotel and its manager were negligent, the second alleging the hotel was in an unsafe condition for guests. *See* Compl. ¶¶ 7–16.

This case was originally filed in the Sacramento County Superior Court. It was removed to this court on the basis of the parties' diversity of citizenship: the hotel is a Delaware Corporation with its principal place of business in North Carolina, and Tillman is a California

---

[1] The complaint includes two paragraphs labeled paragraph "3." This order refers to the second paragraph 3 as paragraph 4.

1

1  citizen. *See* Not. Removal at 3. "Tina's" unknown citizenship did not matter. *See* 28 U.S.C.
2  § 1441(b). After the case was removed, the hotel sent Tillman its initial disclosures under Rule
3  26(a)(1). It identified the hotel manager as Michael Velyan, a California citizen. *See* Werbin
4  Decl. ¶ 11. Tillman now moves for leave to amend her complaint, proposing to substitute the true
5  hotel manager for "Tina" and to remand the case to the Sacramento County Superior Court. ECF
6  No. 13. The hotel opposes the motion, arguing the proposed amendment is a ploy to deprive the
7  court of jurisdiction. *See* Opp'n, ECF No. 15. The matter is fully briefed and was submitted
8  without oral argument. *See* Reply, ECF No. 17; Minute Order, ECF No. 16.

If a plaintiff seeks to join a defendant after a case is removed, and if the joinder would render the parties nondiverse, the court "may" either (1) deny the request or (2) join the new defendant and remand the action to the state court. 28 U.S.C. § 1447(e). The permissive language of § 1447(e) shows joinder is left to the district court's discretion. *See Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). But if a nondiverse defendant is joined, the case *must* be remanded. *See id.* (citing 28 U.S.C. § 1447(d)). Several questions have proven helpful when deciding whether to permit a nondiverse defendant to be joined:

- Would Rule 19(a) require the new defendant to be joined—ignoring, of course, that under Rule 19(a)(1), a party is not "required" if the joinder would deprive the court of subject matter jurisdiction?
- Is the joinder intended solely to deprive the court of jurisdiction?
- Do the claims against the new defendant "appear valid"?
- Would a statute of limitations "preclude an original action against the new defendants in state court"?
- Did the plaintiff delay in requesting joinder?
- Would the plaintiff be prejudiced if the new defendant were not joined?

*See IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000); *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).

Tillman's allegations do not show joinder would be required under Rule 19(a). A person must be joined as a party under Rule 19(a) if "in that person's absence, the court cannot accord

2

complete relief among existing parties" or if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect their interest." Fed. R. Civ. P. 19(a)(1). Tillman alleges the hotel manager was responsible for maintenance and for training hotel employees in charge of maintenance. *See* Compl. ¶ 3. If the manager ignored obvious problems and trained no one, Tillman could likely obtain damages from the hotel itself. *See Mary M. v. City of Los Angeles*, 54 Cal. 3d 202, 208 (1991) ("Under the doctrine of respondeat superior, an employer may be held vicariously liable for torts committed by an employee within the scope of employment."). The manager's absence is thus unlikely to prevent complete relief. At the same time, this is not a case in which the proposed new defendant is "only tangentially related to the cause of action." *IBC Aviation Servs.*, 125 F. Supp. 2d at 1012. It is at least possible the court would be unable to accord complete relief, for example if discovery revealed the manager was acting outside the scope of his employment. If the manager were at risk of personal liability or his interests conflicted with the hotel's, his absence could also preclude him from defending himself. This factor therefore weighs against joinder, somewhat.

As for Tillman's motivations, "[t]here is no clear standard" to consider, "but unjustified delay in filing a motion to amend is a reason to suspect the plaintiff wishes to defeat federal jurisdiction." *Davis v. Tower Select Ins. Co.*, No. 12-1593, 2013 WL 127724, at *3 (E.D. Cal. Jan. 9, 2013). Tillman did not delay. She moved to amend her complaint soon after learning who the manager actually was, and she raised the possibility of joinder before and during the Rule 16 initial scheduling conference. *See* Joint Report at 2, ECF No. 9; Minutes, ECF No. 10. She also named the hotel manager in her original state court complaint before she knew the manager's identity or residence. *See id.* ¶ 3. It was reasonable for her to do so. She believed the manager had not maintained the light fixture that fell on her. *See id.* This factor does not weigh against joinder.

Next is the "validity" of Tillman's proposed claims against the manager. A claim against the manager might possibly succeed, but Tillman alleges too few facts about what the manager actually did and did not do to draw any plausible inferences about his potential liability. She

3

states only that she is "informed and belie[ve]s" he did not maintain the light fixture or do any training, *see id.* ¶ 3, which "is a lawyerly way of saying [she] does not know that something is a fact but just suspects it or has heard it." *Donald J. Trump for President, Inc. v. Sec'y of Pennsylvania*, ___ F. App'x ___, No. 20-3371, 2020 WL 7012522, at *5 (3d Cir. Nov. 27, 2020) (unpublished). This factor weighs against joinder.

The remaining factors, by contrast—the effect of the statute of limitations, any delays, and prejudice—all weigh in Tillman's favor. "A personal injury action generally must be filed within two years of the date on which the challenged act or omission occurred." *Flores v. Presbyterian Intercommunity Hosp.*, 63 Cal. 4th 75, 79 (2016). Tillman alleges she was injured in the early morning of October 19, 2018, more than two years ago. Compl. ¶ 8. Absent some exception to the two-year limitations period, she could not pursue a new lawsuit against the manager in state court. But the hotel and the manager will likely suffer no undue prejudice if the manager is joined and the case is remanded. As explained above, Tillman did not delay, and this case is in its early stages.

On balance, although the manager is not truly a "required" party in the sense of Rule 19(a), and although Tillman's claims against him are unlikely to add much to her case, the manager's proposed addition appears not to be a bad faith attempt to escape this court's subject matter jurisdiction. Prohibiting the manager's joinder would also cause unnecessary prejudice to Tillman without avoiding undue prejudice to the manager and hotel. Joinder is appropriate under § 1447(e). *See IBC Aviation*, 125 F. Supp. 2d at 1013 (weighing these factors similarly).

The motion to amend is **granted**. This action is **remanded** to the Sacramento County Superior Court.

This order resolves ECF No. 13.

IT IS SO ORDERED.

DATED: December 14, 2020

CHIEF UNITED STATES DISTRICT JUDGE